UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALCOLM TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:25 CV 189 |
| | ) |
| STERICYCLE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss. (DE # 15.) For the reasons that follow, the motion is granted in part and denied in part.

I.  BACKGROUND

Plaintiff Malcolm Turner, proceeding without counsel, filed this employment discrimination action against his former employer, defendant Stericycle, Inc., several Stericycle employees (Amanda Bertrand, Eboni Clayton, Melissa May, and Vicki Kratohwill), and an employee of Stericycle's benefits manager, Lincoln Financial Group (Katelyn Divincenzo). (DE # 1.)

Plaintiff was employed at Stericycle as a plant worker/janitor beginning in January of 2023. (*Id.* at 1.) In February of 2024 plaintiff's doctor put him on a work hold. He claims his doctor permitted him to work with certain restrictions, but Stericycle sent him home. He claims that defendants committed disability discrimination, created a hostile work environment, and refused to pay him short-term disability benefits to which he was entitled.

Defendants, with the exception of Katelyn Divincenzo, now move for dismissal of the claims against the individual Stericycle defendants, and move for a more definite statement. (DE # 15.) This matter is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. DISCUSSION

#### A. *Individual Defendants*

Defendants argue that plaintiff cannot pursue his claims of disability discrimination and denial of short-term disability benefits against the individual Stericycle defendants. Defendants are correct. With regard to a disability discrimination claim, the Americans with Disabilities Act does not provide for individual liability, only employer liability. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Neisler v. Tuckwell*, 807 F.3d 225, 228 (7th Cir. 2015); *Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999). To the extent plaintiff intends to pursue a breach of contract claim, he has not alleged or identified any contract, much less any contract between himself and individual employees of Stericycle. With regard to failure to pay his short-term disability benefits, it does not appear that plaintiff claims that it was the individual Stericycle defendants who failed to pay his short-term disability benefits, but rather Lincoln Financial Group, Stericycle's benefits manager. (*See e.g.* DE # 1-1 at 40-41, 59.) And in any event, plaintiff's complaint lacks factual allegations that could support an inference of personal liability for these defendants. *See e.g. Larson v. United Healthcare Ins. Co.*, 723 F.3d 905 (7th Cir. 2013) (discussing proper defendants in ERISA actions). Accordingly, the court will grant the motion to dismiss the claims against Amanda Bertrand, Eboni Clayton, Melissa May, and Vicki Kratohwill.

B.  *More Definite Statement*

Defendants also move for a more definite statement from plaintiff. Federal Rule of Civil Procedure 12(e) states, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Here, defendants seek a more definite statement because plaintiff's complaint lacks organization and does not state a cause of action, making it "difficult to decipher which state or federal statute Turner is attempting to allege was violated[.]" (DE # 16 at 14.) Defendants also argue that plaintiff appears to make claims under Title VII, which exceeds the scope of his EEOC charge. (DE # 23 at 3.)

Defendants demand more than is required of plaintiff at this stage of the proceedings. Rule 12(e) is intended to eliminate confusion, not replace discovery. A plaintiff is under no obligation to plead facts which anticipate or rebut affirmative defenses. *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir.2012). Additionally, a plaintiff is not required to plead the statute or legal theory under which he intends to proceed. *Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002); *see also Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery."); *Bennett v. Schmidt*, 153 F.3d 516, 518–19 (7th Cir. 1998) ("[H]aving stated a discrimination claim[,] the complaint need not offer specifics about which rules of law,

4

state or federal, racial discrimination offends."). "True, the defendant might be quite unsure what statute, state or federal, or common law principle the conduct alleged in the complaint might violate, but he could smoke out the plaintiff's theory of the case by serving a contention interrogatory on him." *Shah*, 314 F.3d at 282.

All that was required of plaintiff was to simply and briefly describe his claim. *See Shah*, 314 F.3d at 282. Plaintiff has met this low threshold by alleging that Stericycle discriminated against him on the basis of his disability, refused to pay him disability benefits to which he was due, and created a hostile work environment. For details on the specific statutory claims plaintiff intends to pursue, defendants may conduct discovery and file a motion in furtherance of any viable affirmative defense.

### IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS in part and DENIES in part** defendants' motion to dismiss. (DE # 15.) The court **DISMISSES** the claims against defendants Amanda Bertrand, Eboni Clayton, Melissa May, and Vicki Kratohwill.

**SO ORDERED.**

Date: January 29, 2026

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT